UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00053 |
| | ) | JUDGE CAMPBELL |
| JERRY CHARLES NELSON, JR. | ) | |

ORDER

Pending before the Court are the Defendant's Motion For Judgment Of Acquittal (Docket No. 126) and Motion For New Trial (Docket No. 127). The Government has filed Responses (Docket Nos. 128, 129) to the Motions. For the reasons set forth herein, the Motions are DENIED.

After a two-day trial, the Defendant was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 43, 123). Through the pending Motion For Judgment of Acquittal (Docket No. 126), the Defendant contends that a judgment of acquittal is warranted because the evidence was insufficient to prove him guilty. In reviewing a motion for a judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, a court must view the evidence in the light most favorable to the Government, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Welch, 97 F.3d 142, 148 (6th Cir. 1996); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court may not independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. Id.

Witnesses testified at the trial that the Defendant was observed throwing an object as he

fled on a bicycle from police officers; that immediately thereafter, officers discovered a loaded 9 mm pistol in the area where the object was thrown; that three rounds of 9 mm ammunition was found in the Defendant's pocket; that the Defendant was a convicted felon; and that the pistol and ammunition were not manufactured in Tennessee. Viewing the evidence in the light most favorable to the Government, the Court concludes that the evidence at trial was more than sufficient to support a guilty verdict on the charges. Accordingly, the Motion For Judgment Of Acquittal (Docket No. 126) is denied.

Through the pending Motion For New Trial (Docket No. 127), the Defendant contends that a new trial is warranted based on the following grounds: (1) the Court erred in allowing the Government to introduce the hearsay statement from the 911 call regarding a suspicious individual engaged in dangerous activity in front of the jury, and allowing witnesses to testify that the Defendant matched the description; (2) the Court erred in allowing Jennifer Spivey of the Tennessee Bureau of Investigation to testify as her testimony was tantamount to an expert witness for which no prior notice was given; (3) the Court erred in denying a mistrial when one of the Government's witnesses indicated that he had recovered a "puffy wig" from the Defendant; and (4) the Court erred by instructing the jury, in response to a question from the jury during deliberations, that the Government need only prove that the Defendant possessed one round of ammunition in order to find the Defendant guilty of Count Two.

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a court may grant a new trial to a defendant "if the interests of justice so require." When considering a motion under Rule 33, a court may weigh the evidence and assess the credibility of witnesses to insure that there is not a miscarriage of justice. United States v. Solorio, 337 F.3d 580, 589 n.6 (6th Cir. 2003); United States v. Ashworth, 837 F.2d 260, 266 (6th Cir. 1988).

The Court has considered the Defendant's arguments, and for the reasons stated on the record during the trial in this case, and for the reasons stated in the Government's Response (Docket No. 127), the Court finds those arguments to be without merit. The interests of justice do not warrant a new trial in this case, and the Motion For New Trial (Docket No. 127) is denied.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE